UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

| | | |
|---|---|---|
| KIRK B. SESSLER, | : | CASE NO. 1:14-CV-0058 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. No. 1] |
| C.C.C.S.E.A., *et al.*, | : | |
| Defendants. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Kirk B. Sessler filed this action against the Crawford County Child Support Enforcement Agency ("Crawford County CSEA"), Steven Eckstein, and Edward L Kurek. He filed an Amended Complaint on January 29, 2014, adding Tina Howell and Linda Zeller as Defendants. (Doc. No. 4). In that pleading, he alleges his driver's license was suspended because he did not pay his child support arrearage. He contends he was denied due process, subjected to excessive fines under the Eighth Amendment, and was the subject of discrimination on the basis of his income, in violation of Title VII, 42 U.S.C. § 2000e. He also asserts that the Crawford County CSEA lacks jurisdiction to continue the suspension of his license because his children are now adults. He seeks monetary damages, and injunctive relief.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc. No. 2). That Application is granted.

## I. Background

Plaintiff's Amended Complaint is very disjointed and contains few factual allegations.

Plaintiff was ordered by a Crawford County Domestic Relations Court to pay child support to his former spouse. Although he contends several payments were sent to Crawford County CSEA from Labor Finder in Sarasota, Florida, he did not pay the full amount of the court-ordered support, and accumulated a child support arrearage. In 2008, his driver's license was suspended pursuant to Ohio Revised Code §3123.55. He alleges he did not receive notice that the Crawford County CSEA was going to pursue a license suspension, and asserts this action violated his right to due process. He further asserts that suspending his license imposed an excessive fine in violation of the Eighth Amendment and discriminated against him on the basis of poverty in violation of Title VII. Finally, he challenges the authority of the Crawford County CSEA to continue to renew the suspension claiming they lack jurisdiction over the matter because his children are now adults. He contends his arrearage is no longer a child support matter but instead is a civil dispute between him and his former spouse. Plaintiff seeks "punitive damages, restraining orders and injunction and unspecified amount and damages to be decide[d] by this Court." (Doc. No. 4 at 12).

## II. Legal Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. poverty, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal

interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombley*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

### III. Analysis

#### A. *Res Judicata* and Statute of Limitations

As an initial matter, this is the second case Plaintiff filed in this Court against the Crawford County CSEA for suspending his driver's license as a result of a child support arrearage. He filed his first case in 2009. *See Sessler v. Child Support Enforcement Agency of Crawford County, Ohio*, No. 1:09 CV 1596 (N.D. Ohio filed July 13, 2009). In that case, he claimed the 2008 suspension placed him in double jeopardy and denied him due process. *Id.*

The case was dismissed by this Court on November 30, 2009 pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief could be granted.

Plaintiff does not provide sufficient factual allegations in the current Complaint for the Court to determine if he is challenging the same license suspension, or if he is challenging a more recent one.  He states his license was suspended in 2008, but he does not indicate whether it has remained suspended since that date or whether it was reinstated subsequent to 2008 and suspended more recently for non-payment of child support.

Any challenge Plaintiff may be raising with respect to the suspension of his driver's license in 2008 is subject to dismissal under the doctrine of *res judicata*.  This doctrine dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990).  It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.*  The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981).  A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action.  Plaintiff already brought an action against the Crawford County CSEA to challenge the constitutionality of his 2008 license suspension.  To the extent this action seeks to once again challenge his 2008 driver's license suspension, his is precluded by the doctrine of *res judicata* from litigating this matter for a second time.

-4-

In addition, the statute of limitations period expired for any claims for pertaining to the alleged violation of his civil rights in 2008. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. *Browning v. Pendleton*, 869 F.2d 989, 991 (6th Cir.1989). This action was filed in 2014, well beyond the expiration of the two-year statute of limitations period.

*Res judicata* and statute of limitations are affirmative defenses that generally must be raised by the Defendants in a responsive pleading. FED.R.CIV.P. 8(c)(1); OHIO R. CIV. P. 8 (C); *see Haskell v. Wash. Township*, 864 F.2d 1266, 1273 (6th Cir.1988). The United States Supreme Court as well as the United States Sixth Circuit of Appeals have indicated that a court may take the initiative to assert the *res judicata* defense *sua sponte* in "special circumstances" such as when the district court decided the original case. *Arizona v. California*, 530 U.S. 392, 412 (2000); *Hutcherson v. Lauderdale County, Tennessee*, 326 F.3d 747, 757 (6th Cir. 2003); *Holloway Constr. Co. v. United States Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir.1989). Similarly, if it is clear from the face of a Plaintiff's Complaint that the claim is time-barred, the Complaint may be dismissed, *sua sponte*, at the screening stage. *Jones v. Bock*, 549 U.S. 199, 216 (2007)(stating that if the allegations in the Complaint "show that relief is barred by the applicable statute of limitations, the Complaint is subject to dismissal for failure to state a claim" (citing Fed. Rule Civ. Proc. 8(c)). This case fits precisely within both of those circumstances and can be dismissed on that basis.

If Plaintiff is challenging a more recent suspension of his driver's license for nonpayment of child support, his Complaint would not be barred the expiration of the statute of limitations or by the doctrine of *res judicata*. It, however, is still subject to dismissal for failure

to state a claim upon which relief may be granted.

## B. Due Process

First, Plaintiff claims, without explanation, that he was denied procedural due process. To prevail on a procedural due process claim, Plaintiff must plead and prove either: (1) he was deprived of property as a result of an established state procedure that itself violates due process rights; or (2) the defendants deprived him of property pursuant to a random and unauthorized act and available state remedies would not be adequate to redress the deprivation of property. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983).

If Plaintiff is contesting an established state procedure, he does not identify it. The State of Ohio has procedures for calculating child support, *see* Ohio Revised Code § 3119.01 *et seq.*, for modifying child support obligations, *see* Ohio Revised Code § 3119.79, and for collecting child support arrearages, *see* Ohio Revised Code § 3119.02. Ohio Revised Code §3123.55 empowers the registrar of the bureau of motor vehicles to impose a suspension upon a holder of a driver's license upon receiving notice from a child enforcement agency that the holder is in default under a child support order. It is not clear from the Complaint whether Plaintiff is alleging he was not given adequate notice concerning the child support arrearage, he was not given adequate opportunity to contest the arrearage, or he was not given adequate notice that his license would be suspended to give him an incentive to pay the arrearage. He cannot base his due process claim on a challenge to an established state procedure he does not identify.

Moreover, if he is challenging Ohio Revised Code §3123.55 which provides for driver's

license suspension for non-payment of child support, the claim must be dismissed. The constitutionality of regulatory schemes providing for automatic suspension of licenses for non-payment of mandated fees have been upheld in other contexts. *See, e.g.*, *Mackey v. Montrym*, 443 U.S. 1, 12-13 (1979) (due process not violated by Massachusetts statute mandating suspension of driver's license for refusing to take a breath-analysis test for operating a vehicle while under the influence of alcohol); *Evans v. City of New York*, 308 F.Supp.2d 316, 325–26 (S.D.N.Y.2004) (statute permitting automatic suspension of driver's license for failure to pay a fine did not deny due process). Plaintiff does not allege facts or provide legal support to suggest this statute denies due process to parents who fail to pay court-ordered child support.

To the extent Plaintiff is claiming the unauthorized acts of employees of the Crawford County CSEA led to the denial of due process, his claim also fails. Not only must Plaintiff plead facts to suggest the Defendants deprived him of property pursuant to a random and unauthorized act, but he must also allege that available state remedies would not be adequate to redress the deprivation of property. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983). Ohio Revised Code § 3119.79 provides the procedures for seeking a modification of a child support obligation through the Domestic Relations Court. If Plaintiff addresses his child support arrearage, his license can presumably be reinstated. Plaintiff has not alleged facts suggesting this remedy is inadequate.

### C. Eighth Amendment

In addition, Plaintiff asserts his driver's license suspension constitutes an excessive fine under the Eighth Amendment. The Eighth Amendment of the United States Constitution

provides that "excessive fines" shall not be imposed. U.S. Const. amend. VIII. The Excessive Fines Clause "limits the government's power to extract payments, whether in cash or in kind, 'as punishment for some offense.'" *United States v. Bajakajian*, 524 U.S. 321, 328 (1998) (quoting *Austin v. United States*, 509 U.S. 602, 609-10 (1993)). To be considered a "fine" subject to the provisions of the Excessive Fines Clause, the purpose of the particular sanction must not be purely remedial; the sanction must have some deterrent or punitive purposes. *See Austin*, 509 U.S. at 609-10. Even if a particular sanction is determined to be a "fine" subject to the provisions of the Excessive Fines Clause, the Court will deem it unconstitutional only if "it is grossly disproportional to the gravity of a defendant's offense." *Bajakajian*, 524 U.S. at 334.

In this case, the temporary revocation of Plaintiff's driver's license cannot be considered a "fine" for Excessive Fines Clause purposes because the revocation does not constitute a "payment in cash or in kind." *See, e.g., Faulk v. Tiffany*, No. CIV.A.99–2354–GTV, 2000 WL 714336, at *4 (D.Kan. May 23,2000)(temporary revocation of driver's license is not a "fine"); *Coleman v. Watt*, 40 F.3d 255, 263 (8th Cir.1994) (holding that a deprivation must be permanent to be considered a fine for purposes of the Excessive Fines Clause); *In re Sharp*, 674 A.2d 899, 900 (D.C.1996) (stating that the revocation of an attorney's license to practice law does not invoke the Excessive Fines Clause because it is not a payment). Plaintiff can obtain reinstatement of his driver's license by paying the child support arrearage. He was not assessed a "fine" as defined by the Eighth Amendment.

### D. Insufficient Allegations Against Individual Defendants

Plaintiff also fails to state a claim under 42 U.S.C. § 1983 against Steven Eckstein, Edward Kurek, Tina Howell, or Linda Zeller. He fail to include any factual allegations that

suggest how these individuals were involved in the actions giving rise to the claims listed in the Complaint. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Absent factual allegations pertaining to these Defendants, the claims against them under § 1983 must be dismissed.

### E. Title VII

In addition to his claims under 42 U.S.C. § 1983, Plaintiff also asserts claims under Title VII, 42 U.S.C. § 2000e. He contends the Defendants discriminated against him on the basis of his economic status. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). None of the Defendants is Plaintiff's employer and poverty is not a class protected by Title VII. This statute is not applicable to Plaintiff's situation.

### F. State Law

Finally, Plaintiff challenges the jurisdiction of the Crawford County CSEA to continue to collect a child support arrearage. This is a question of state law for the Crawford County Domestic Relations Court to address.

Supplemental jurisdiction exists in federal district courts whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715,

724 (1966). The federal court, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id.* This is certainly the situation when the state law claims involve domestic relations matters. Federal courts refrain from addressing cases which are in essence domestic relations disputes. *Catz v. Chalker*, 142 F.3d 279, 290 (6th Cir. 1998); *Firestone v. Cleveland Trust*, 654 F.2d 1212, 1215 (6th Cir. 1981). Having dismissed Plaintiff's federal claims, the Court declines supplemental jurisdiction to address his state law claims.

### IV. Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

Dated: July 3, 2014  *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.